# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARVIN DWAYNE MOSBY,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 2:13-cv-01625-JAD-GWF

**ORDER**

Petitioner has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#4). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has not exhausted his state-court remedies for all of his grounds for relief. Petitioner will need to inform the court what he wants to do with the unexhausted grounds.

After a trial, petitioner was convicted of being an ex-felon in possession of a firearm. The state district court determined that petitioner was a habitual criminal and sentenced him to life imprisonment without the possibility of parole. *See* Nev. Rev. Stat. § 207.010. Petitioner appealed the judgment of conviction, and the Nevada Supreme Court affirmed.[1] Petitioner did not pursue a post-conviction habeas corpus petition in the state courts.

---

[1] The court takes judicial notice of the Nevada Supreme Court's docket in *Mosby v. State*, No. 59836, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=27997 (report generated June 10, 2014).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The amended petition contains eight grounds. Petitioner admits that he has not presented grounds 3 through 8 to the Nevada Supreme Court. Consequently, the amended petition is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 3 through 8 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 3 through 8, or he may move to stay this action while he returns to state court to exhaust grounds 3 through 8. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).[2]

**IT IS THEREFORE ORDERED** that petitioner shall have 30 days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 3 through 8 of his amended petition, and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his amended petition to return to state court to exhaust his state remedies with respect to the claims set out in grounds 3 through 8 of his amended petition, or (3) move to stay this action while he returns to state court to

///

///

---

[2] The court makes no comment or promises on how the state courts might treat the grounds should petitioner decide to return to state court. The court also makes no comment or promises on the timeliness of a new federal habeas corpus action should petitioner decide to dismiss this action.

1  exhaust his state remedies with respect to the claims set out in grounds 3 through 8 of his amended
2  petition.  Failure to comply will result in the dismissal of this action.
3      Dated: June 11, 2014.

                                                                        _____  
                                                                        JENNIFER A. DORSEY  
                                                                        United States District Judge