# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARVIN DWAYNE MOSBY,

     Petitioner,

vs.

RENEE BAKER, et al.,

     Respondents.

Case No. 2:13-cv-01625-JAD-GWF

**Order Dismissing Grounds 3, 4 & 5
as Procedurally Defaulted**

[ECF No. 24]

     Petitioner Marvin Dwayne Mosby brings this petition for a writ of habeas corpus to challenge his 2011 Nevada State Court conviction for possession of a firearm by an ex felon, for which he is serving a sentence of life without the possibility of parole after having been deemed a habitual criminal.[1]  The State moves to dismiss ground 3 as unexhausted, and grounds four and five as both unexhausted and untimely.[2]  I grant the motion in part, dismiss grounds 3, 4, and 5 as procedurally defaulted, and direct the respondents to answer the petition's remaining grounds.

## Procedural History

     Mosby was convicted of possession of a firearm by an ex-felon after a state-court jury trial. The state district court adjudicated Mosby as a habitual criminal under Nev. Rev. Stat. § 207.010.[3] Mosby appealed.  On November 15, 2012, the Nevada Supreme Court affirmed.[4]  Remittitur issued on December 12, 2012.[5]

---

[1]  ECF No. 21.

[2]  ECF No. 24.  Mosby opposed, ECF No. 30; and respondents replied, ECF No. 33.

[3]  ECF No. 12-3.

[4]  ECF No. 12-6.

[5]  ECF No. 12-7.

Mosby then commenced this action.  I appointed the Federal Public Defender to represent him upon their request because they were representing Mosby in two other habeas corpus cases.[6]  I then stayed this case while Mosby pursued a post-conviction habeas corpus petition in the state courts.[7]

On November 26, 2014, Mosby filed in the state district court a post-conviction habeas corpus petition.[8]  The state district court denied the petition.  Mosby appealed, and the Nevada Supreme Court affirmed.  It held that the petition was untimely under Nev. Rev. Stat. § 34.726(1) because Mosby filed more than one year after the issuance of the direct-appeal remittitur.[9]  Mosby then returned to this court with a second amended petition.[10]  The respondents now move to dismiss it, arguing that ground 3 is unexhausted, and that grounds four and five are both unexhausted and untimely.[11]  Having reviewed the motion, Mosby's opposition, and the reply, I now grant the motion in part for the reasons below.

## Discussion

### A.     Grounds 3, 4 & 5 have been exhausted.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[12]  To properly exhaust a claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[13]  He must

---

[6]  ECF No. 9.

[7]  ECF No. 13.

[8]  ECF No. 12-13.

[9]  ECF No. 16-7.  The Nevada Supreme Court consolidated this appeal with the appeal from the denial of a related post-conviction habeas corpus petition.

[10]  ECF No. 21.

[11]  ECF No. 24.

[12]  28 U.S.C. § 2254(b).

[13]  *Picard v. Connor*, 404 U.S. 270, 276 (1971).

present to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[14] The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts or where different facts are presented at the federal level to support the same theory.[15] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[16] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights;[17] "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[18] The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court and to "protect the state courts' role in the enforcement of federal law."[19]

### 1.    Ground 3

In ground 3, Mosby claims that the trial court violated his right to a fair trial by the admission of prior-bad-act evidence. Mosby did not raise this claim on direct appeal. Respondents argue that this ground is unexhausted, noting that the state post-conviction habeas corpus petition contains no specific grounds for relief.[20] Mosby counters that he did present this very claim in his

---

[14] *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[15] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[16] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[17] *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[18] *Hiivala*, 195 F.3d at 1106 (citations omitted).

[19] *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[20] *See* ECF No. 12-13 at 8.

state habeas corpus petition.[21] Respondents reply that Mosby is citing to a memorandum attached to an affidavit in support of a motion for leave to proceed *in forma pauperis*, and that the state district court could not be expected to read through that affidavit to discern what Mosby's claims were.[22]

But the instructions for the state habeas corpus petition form that Mosby used permitted him to file a supporting memorandum.[23] And the court cannot punish Mosby for following those instructions. If the docketing process led to the memorandum being attached to the financial affidavit and not to the habeas corpus petition, that was a matter entirely out of Mosby's control. The petition itself contained no grounds. Construing the exhibits liberally, Mosby probably intended to make his claims in the memorandum. By expressly allowing a petitioner to state his claims into two separate documents, Nevada runs the risk of one of those documents being docketed incorrectly, as appears to be the case here. The court cannot fault Mosby for that. I thus find that ground 3 has been exhausted.

### 2. Grounds 4 and 5

In ground 4, Mosby claims that trial counsel provided ineffective assistance by not objecting to his adjudication as a habitual criminal because the prosecution did not file a notice of intent to seek habitual-criminal adjudication. In ground 5, he claims that direct-appeal counsel provided ineffective assistance when he failed to raise that same issue on direct appeal. The parties do not dispute that Mosby did not present these claims to the state courts; Mosby contends that the court should consider them exhausted because they would be untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810 if he returned to the state courts, so the grounds

---

[21] *See* ECF No. 12-10 at 9.

[22] *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 999–1000 (9th Cir. 2005).

[23] ECF No. 12-13 at 2; *see also* Nev. Rev. Stat. § 34.735. These documents all arrived at docketing in one envelope: the affidavit in support of motion for leave to proceed *in forma pauperis*, the ex parte motion for appointment of counsel and request for evidentiary hearing, the motion for leave to proceed *in forma pauperis*, and the petition for writ of habeas corpus (post-conviction). They were all filed in the state district court on November 26, 2014. *See* ECF No. 12-10 through 12-13.

would be procedurally defaulted in this court. Although a state court can excuse those procedural bars upon a showing of cause and prejudice, Mosby also argues that the only argument he has for cause and prejudice to excuse the procedural default—ineffective assistance of post-conviction counsel—is not recognized in Nevada.[24] Based upon Mosby's concession, I will consider grounds 4 and 5 to be exhausted. But they are also procedurally defaulted.

**B.      Grounds 3, 4, and 5 are procedurally defaulted.**

A federal court cannot review a claim that was denied by the state court on "independent and adequate state procedural grounds"[25] unless the petitioner "can demonstrate cause for the default" plus "actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[26] To demonstrate cause, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[27] On the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."[28]

The grounds for dismissal upon which the Nevada Supreme Court relied in this case are based on an adequate and independent state rule.[29] So Mosby's claims in grounds 3, 4, and 5 are subject to the procedural-default rule. In an attempt to salvage ground 3, Mosby argues that the ineffective assistance of his appellate counsel supplies good cause for his failure to raise this ground

---

[24] *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

[25] *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

[26] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[27] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[28] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[29] *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

on direct appeal.  He relies on the decisions in *Martinez v. Ryan* and *Ha Van Nguyen v. Curry* for this argument.

In *Martinez v. Ryan,*[30] the Supreme Court "forge[d] a new path for habeas counsel to use ineffectiveness of state [post-conviction relief] counsel as a way to overcome procedural default in federal habeas proceedings."[31]  It created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default.[32]  So, after *Martinez*, "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances": (1) when "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," and (2) when "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*."[33]  He also "must demonstrate that the claim has some merit."[34]

The parties do not dispute that Nevada effectively requires claims of ineffective assistance of trial counsel be raised in a post-conviction habeas corpus petition.  Nor do they dispute that Mosby's state post-conviction habeas corpus petition was the initial review proceeding with respect to his claims of ineffective assistance of trial counsel.  But *Martinez* offers no help to Mosby for ground 3 because it can save only claims of ineffective assistance by trial *counsel*, and ground 3 alleges trial-

---

[30] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[31] *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).

[32] *Martinez*, 566 U.S. at 16–17.

[33] *Id*. at 14.

[34] *Cf. Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*court* misconduct.  *Martinez* also provides no salvation for Mosby's ground 5, which alleges ineffective assistance of *appellate* counsel.[35]  So grounds 3 and 5 are procedurally barred.

 *Martinez* could offer a lifeline for ground 4, in which Mosby alleges that his trial counsel provided ineffective assistance by not objecting to his adjudication as a habitual criminal because the prosecution failed to provide the statutorily required notice.  But Mosby has not shown the requisite cause.

 Mosby had one year from the December 12, 2012, issuance of the remittitur in his direct appeal to file a state post-conviction habeas corpus petition.[36]  He filed his state habeas corpus petition on November 26, 2014, almost a year after that period expired.[37]  Mosby commenced the action pro se; then counsel, Matthew Lay, Esq., was appointed to represent him.  The state district court denied the petition because it was untimely under Nev. Rev. Stat. § 34.726, and the Nevada Supreme Court affirmed for the same reason.

 To trigger the *Martinez* exception for ground 4, Mosby must demonstrate: (1) that Lay's failure to raise this claim "fell below an objective standard of reasonableness,"[38] and (2) that Lay's deficient performance so prejudiced Mosby that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[39]  But Mosby has not shown deficient performance by Lay.  The one-year period expired before Mosby ever filed the state petition and well before the state district court appointed Lay.  So, the record does not reflect that Lay did anything wrong; instead, it plainly appears that he was appointed into an untenable situation.

---

[35]  *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

[36]  Nev. Rev. Stat. § 34.726(1).

[37]  Section 34.726(1) does not have any provision for tolling the period of limitation while a federal habeas corpus petition like this one is pending.

[38]  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[39]  *Id.* at 694.

1    Nor has Mosby made a showing of prejudice.  Even if Lay had raised Mosby's ground 4

2  claim in the state post-conviction proceedings, the state district court still would have dismissed that

3  petition as untimely.  So, there was no reasonable probability of the state district court ever reaching

4  the claim now in ground 4 on the merits.  Mosby has thus not demonstrated that post-conviction

5  counsel was ineffective for not raising the claim in ground 4, so he has failed to show cause to

6  excuse the procedural default of ground 4.

7                                                **Conclusion**

8         IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 24] is**

9  **GRANTED in part.  Grounds 3, 4, and 5 are DISMISSED with prejudice** because they are

10 procedurally defaulted.[40]

11        IT IS FURTHER ORDERED that respondents have until April 23, 2018, to file and serve an

12 answer that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States

13 District Courts.  Mosby will then have 45 days from the date the answer is served to file a reply.

14        DATED: March 9, 2018

15

16                                                        _____

17                                                        JENNIFER A. DORSEY
                                                         United States District Judge

18

19

20

21

22

23

24

25

26

27  _____

28  [40]  Because I am dismissing these grounds for procedural default, I need not and do not reach
respondents' argument that grounds 4 and 5 are untimely.

-8-