**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Marvin Mosby,

    Petitioner

  v.

Renee Baker, et al.,

    Respondents

Case No. 2:13-cv-01625-JAD-GWF

**Order Granting Petitioner's Motion to Dismiss Ground 2 and Motion to Extend Time**

ECF Nos. 38, 43

Counseled petitioner Marvin Mosby brings this habeas petition to challenge his state-court conviction for possession of a firearm by an ex-felon. While this matter was pending, Mosby's successful appeal to the Nevada Court of Appeals resulted in his resentencing, and that development mooted ground 2 of Mosby's federal petition.[1] So, Mosby now moves to dismiss ground two and for extra time to file his (already filed) reply.[2] Good cause appearing, I grant both motions.

**Discussion**

In ground 2, Mosby claims that his sentence of life imprisonment without the possibility of parole, imposed under the habitual-criminal statute of NRS § 207.010, violates the Eighth Amendment. Although this sentence was in place when Mosby filed this habeas action, the Nevada Court of Appeals later vacated Mosby's habitual-criminal sentence because the prosecution did not file the required notice of intent to seek habitual-criminal adjudication.[3] The

---

[1] ECF No. 38. The motion is fully briefed, and I find it suitable for disposition without oral argument.

[2] ECF No. 44.

[3] Ex. 68 (ECF No. 42-2).

1

state district court then re-sentenced Mosby to a term of 24–60 months.[4]  The parties and the court all agree that this new sentence makes ground 2 moot, so I dismiss it.

But respondents also argue that entry of the amended judgment of conviction moots the remaining claim in Mosby's remaining ground 1 in his second amended petition, in which he asserts that the evidence is insufficient to support the jury's verdict of guilt.[5]  Respondents rely on court decisions that interpret federal-law procedural bars.  First, an amended judgment of conviction is a new judgment from the original judgment for the purpose of the second-or-successive-petition bar of 28 U.S.C. § 2244(b).[6]  Second, an amended judgment of conviction is a new judgment for the purpose of the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).[7]  Consequently, respondents argue, petitioner is no longer in custody under the original judgment of conviction—he's in custody under the amended judgment of conviction, and the court no longer can grant petitioner relief from the judgment that the second amended petition challenges.

Courts have consistently held that entry of an amended judgment of conviction effectively resets the count and the clock of two federal-law procedural bars.[8]  But those decisions do not hold that entry of an amended judgment of conviction moots all claims for relief.

I find that the Ninth Circuit's decision in *Dominguez v. Kernan*[9] controls the analysis here.  In *Dominguez*, the state trial court granted Dominguez post-conviction relief because the prosecution had withheld potentially exculpatory information in violation of *Brady v. Maryland*.[10]

---

[4] Ex. A (ECF No. 38-1).

[5] ECF No. 21.  The court already has dismissed grounds 3, 4, and 5 because they are procedurally defaulted.  ECF No. 34.

[6] *Magwood v. Patterson*, 561 U.S. 320 (2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012).

[7] *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017); *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017).

[8] *See supra* notes 7 & 8.

[9] *Dominguez v. Kernan*, 906 F.3d 1127 (9th Cir. 2018).

[10] *Brady v. Maryland*, 373 U.S. 83 (1963).

At the time, Dominguez had pending a federal habeas corpus petition in which he claimed that his retrial violated the Double Jeopardy Clause of the Fifth Amendment. The court of appeals held that the double-jeopardy claim was not moot because the district court still could grant effectual relief on it.[11]

The instant case is indistinguishable from *Dominguez*. In ground 1, Mosby claims that the evidence was insufficient to support the jury's verdict of guilt. The court still can grant effectual relief on ground 1 even though Mosby has been resentenced. Indeed, relief on ground 1 would be an implied acquittal. It would apply with the same force to the amended judgment of conviction as it would to the original judgment of conviction.

Plus, as the court noted in *Dominguez*, this court has the authority to convert an action.[12] For Dominguez, that meant proceeding under 28 U.S.C. § 2241 instead of § 2254, because the state court's grant of relief meant that Dominguez was in pre-trial custody. Mosby has not experienced a similar change in custodial status, so Section 2254 still applies to him. I will thus construe Mosby's second amended petition to apply to his amended judgment of conviction. Requiring Mosby to file a third amended petition to change only the date of judgment in the preliminary section, or requiring him to commence a new action that challenges the amended judgment of conviction, would be paperwork and delay without purpose.

## Conclusion

IT THEREFORE IS ORDERED that the motion to dismiss ground 2 **(ECF No. 38) is GRANTED.** Ground 2 of the second amended petition (ECF No. 21) is **DISMISSED** as moot, and this action moves forward on Mosby's ground 1 only, which I construe as a sufficiency-of-the-evidence challenge to the amended judgment of conviction.

---

[11] *Dominguez*, 906 F.3d at 1132–33.

[12] *Id*. at 1137–38.

3

IT FURTHER IS ORDERED that petitioner's unopposed motion for an extension of time (first request) **(ECF No. 43) is GRANTED.**

Dated: March 19, 2019.

_____
JENNIFER A. DORSEY
United States District Judge