# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARVIN MOSBY,

    Petitioner

v.

ISIDRO BACA, *et al.*,

    Respondents

Case No.: 2:13-cv-01625-JAD-EJY

**Order Denying Second Amended Petition for Writ of Habeas Corpus**

[ECF No. 21]

    Petitioner Marvin Mosby was found guilty of being an ex-felon in possession of a firearm in Nevada State Court. Mosby seeks a writ of habeas corpus under 28 U.S.C. § 2254 on one remaining ground: insufficient evidence.[1] Having reviewed Mosby's claim on its merits, I find that habeas relief is not warranted, so I deny Mosby's petition, deny him a certificate of appealability, and close this case.

## Background

    Mosby's conviction is the result of events that occurred in Clark County, Nevada, between January 1, 2011, and February 17, 2011.[2] In its order affirming Mosby's conviction, the Nevada Supreme Court described the crime, as revealed by the evidence at Mosby's trial, as follows:

> On February 10, Mosby was taken into custody after exiting his Chrysler Pacifica. That same day, Mosby used the prison telephone to call his girlfriend and directed her to remove a firearm from the back seat of the vehicle. After listening to the conversation via a prison recording system, police officers spoke with Mosby's girlfriend who told officers that she moved the firearm to a storage unit owned by Mosby where it was

---

[1] ECF No. 21.

[2] ECF No. 12-1 at 2.

subsequently recovered.  Sometime later, Mosby was recorded saying that he had wiped his fingerprints from the firearm before he was incarcerated.[3]

On October 24, 2011, a jury found Mosby guilty of possession of a firearm by an ex-felon.[4]  The state district court found Mosby to be a habitual criminal and sentenced him to life without the possibility of parole.[5]  Mosby appealed, and the Nevada Supreme Court affirmed on November 15, 2012.[6]  Remittitur issued on December 12, 2012.[7]

Mosby dispatched his federal habeas corpus petition for filing on or about July 20, 2013.[8]  On June 11, 2014, I found that the petition contained unexhausted grounds and ordered Mosby to dismiss the unexhausted grounds, dismiss his petition to return to state district court to exhaust the unexhausted grounds, or stay this action while he returned to state district court to exhaust the unexhausted grounds.[9]  Mosby moved to stay,[10] and I granted that motion on April 8, 2015.[11]

Mosby filed a state habeas corpus petition on November 26, 2014.[12]  An evidentiary hearing was held on May 11, 2015.[13]  On June 11, 2015, the state district court denied Mosby's

---

[3] ECF No. 12-6 at 2.
[4] ECF No. 12-2 at 2.
[5] ECF No. 12-3 at 2–3.
[6] ECF No. 12-6.
[7] ECF No. 12-7 at 2.
[8] ECF No. 3.
[9] ECF No. 6.
[10] ECF Nos. 7, 11.
[11] ECF No. 13.
[12] ECF No. 12-13.
[13] ECF No. 16-1.

petition.[14] Mosby appealed, and the Nevada Court of Appeals affirmed on April 20, 2016.[15] Remittitur issued on May 18, 2016.[16]

On July 1, 2016, Mosby moved to reopen his federal habeas action.[17] I granted the motion on August 5, 2016.[18] Mosby filed a counseled, second amended petition on December 15, 2016.[19] The respondents moved to dismiss the second amended petition.[20] I granted the motion in part,[21] dismissing Grounds Three, Four, and Five as procedurally defaulted.[22] On April 23, 2018, the respondents answered the remaining grounds in Mosby's petition.[23] Mosby replied on June 7, 2018.[24]

On January 9, 2017, Mosby moved to modify his sentence in state district court.[25] The state district court denied the motion.[26] Mosby appealed, and the Nevada Court of Appeals reversed and vacated Mosby's sentence after finding that his sentence was illegal.[27] On August

---

[14] ECF No. 22-11.
[15] ECF No. 16-7.
[16] ECF No. 16-8.
[17] ECF No. 15.
[18] ECF No. 18.
[19] ECF No. 21.
[20] ECF No. 24.
[21] ECF No. 34.
[22] *Id.* at 8.
[23] ECF No. 35.
[24] ECF No. 37.
[25] ECF No. 36-2.
[26] ECF No. 36-9 at 6; ECF No. 36-13; ECF No. 36-18.
[27] ECF No. 42-2.

22, 2018, the state district court filed an amended judgment of conviction, resentencing Mosby to 24–60 months for the offense of possession of a firearm by an ex-felon.[28]

On August 29, 2018, Mosby moved to dismiss Ground Two from his federal habeas petition as moot due to the amended judgment of conviction.[29] The respondents responded that the amended judgment of conviction rendered the entire petition moot.[30] I granted Mosby's motion to dismiss Ground Two and indicated that I would construe Mosby's second amended petition to apply to his amended judgment of conviction.[31] Mosby's sole remaining ground for federal habeas relief is that there was insufficient evidence to support his ex-felon in possession of a firearm conviction in the first place.[32]

I now consider this fully briefed petition on its merits.

**Discussion**

**A. Standards for evaluating habeas petitions under the Antiterrorism and Effective Death Penalty Act (AEDPA)**

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[28] ECF No. 38-1.
[29] ECF No. 38.
[30] ECF No. 41.
[31] ECF No. 46.
[32] ECF No. 21 at 6–8.

4

the State court proceeding."[33] A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[34] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[35] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[36] The "objectively unreasonable" standard is difficult to satisfy;[37] "even 'clear error' will not suffice."[38]

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[39] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[40] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[41] AEDPA "thus imposes a 'highly deferential standard for

---

[33] 28 U.S.C. § 2254(d).

[34] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[35] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[36] *White*, 134 S. Ct. 1705–06.

[37] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[38] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

[39] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[40] *Id.* at 103.

[41] *Id.* at 101.

5

evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[42]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[43] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[44] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[45]

**B.     Evaluating Mosby's remaining claim**

In his remaining Ground One, Mosby alleges that his federal constitutional rights were violated because his conviction is not supported by sufficient evidence.[46] Mosby elaborates that he was incarcerated at the time he was alleged to have possession of the firearm, and the firearm was found in a storage unit, which his wife had the keys to.[47] The Nevada Supreme Court rejected this argument during Mosby's appeal of his judgment of conviction:

> Considering the evidence in the light most favorable to the prosecution, we conclude that a rational juror could find beyond a reasonable doubt that Mosby was in possession of a firearm within the charged time frame. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Mosby's own statements indicating actual possession of the firearm prior to his incarceration were sufficient to support the conviction. However, we further conclude that Mosby's direction to his girlfriend to remove the firearm from his vehicle while incarcerated demonstrated constructive possession. *See Glispey v. Sheriff*, 89 Nev. 221, 224, 510 P.2d 623, 624 (1973) (holding that an accused

---

[42] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[43] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[44] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[45] 28 U.S.C. § 2254(e)(1).

[46] ECF No. 21 at 6.

[47] *Id.* at 8.

> has constructive possession of an item if he maintains the right to
> exercise dominion or control over it and if another person
> possesses the item pursuant to his direction or permission); *see
> also United States v. Smith*, 413 F. App'x 912, 914 (7th Cir. 2011)
> (finding constructive possession where the defendant called his
> girlfriend and told her to retrieve a firearm from his home and then
> directed an informant to pick up the firearm from his girlfriend).[48]

I find that this ruling was reasonable. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."[49] A federal habeas petitioner "faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds."[50] On direct review of a sufficiency of the evidence claim, a state court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[51] The evidence is to be viewed "in the light most favorable to the prosecution."[52] Federal habeas relief is available only if the state-court determination that the evidence was sufficient to support a conviction was an "objectively unreasonable" application of *Jackson v. Virginia*.[53] Here, it was not.

Detective Ethan Grimes of the Las Vegas Metropolitan Police Department testified at Mosby's trial that he was investigating Mosby in January and February of 2011. After Detective Grimes learned that Mosby was in custody, he listened to Mosby's recorded telephone calls from the Clark County Detention Center. During one call placed on February 10, 2011, Mosby

---

[48] ECF No. 12-6 at 3.
[49] *In re Winship*, 397 U.S. 358, 364 (1970).
[50] *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).
[51] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
[52] *Id.*
[53] *See Juan H.*, 408 F.3d at 1275 n.13.

"ask[ed] [Valerie Spatharos, his significant other] to get the gun out of the car." Mosby told Spatharos that the gun "was in the back, third row seating underneath the seat in the vehicle."[54]

While Mosby was still in custody, a search warrant was granted for Mosby's two residences and his two vehicles in order to locate the gun that Mosby referred to in the telephone recordings, but the gun was not found. Detective Grimes interviewed Spatharos about the gun and explained to her that he had "been listening to all the phone calls the two of them have had together and told her that [he] knew she had moved the gun and it'd probably be in her best interest to let [him] know where the gun was at." Spatharos told Detective Grimes that she had placed the gun in a storage unit and provided Detective Grimes with the storage unit's key. Detective Grimes located "a Springfield XD .45 semiautomatic pistol" in his search of the storage unit. After Detective Grimes located the gun, another recorded telephone call took place between Mosby and Spatharos in which Spatharos "seem[ed] to be telling [Mosby] that [Detective Grimes] got the search warrant because [he had] been listening to the calls." Mosby then informed Spatharos that he "wiped [the gun] down, [his] prints are not on it."[55]

The onsite manager of the storage facility, Claire Winters, also testified at Mosby's trial. Winters explained that Mosby rented Unit B137 by presenting photographic identification. Mosby made Spatharos an alternate person on the contract, meaning she had access to the unit.[56]

---

[54] ECF. No. 22-8 at 155–58, 160, 175; *see also* ECF No. 22-8 at 150–51, 154–55 (testimony of Mike Funes, an employee of the Las Vegas Metropolitan Police Department Detention Center, that inmates are advised that their telephone calls are monitored and recorded).

[55] *Id.* at 162–65, 167, 173; *see also* ECF. No. 22-8 at 133–36 (testimony of Aaron Lee, a detective with the Las Vegas Metropolitan Police Department, that he assisted in the execution of a search warrant of the storage unit and found a "black semiauto handgun") and at 137, 142 (testimony of James Ashe, a police officer with the Las Vegas Metropolitan Police Department, that he also assisted in the execution of a search warrant of the storage unit and that a firearm was located).

[56] ECF No. 22-8 at 122, 125, 127, 132.

Sufficiency-of-the-evidence claims are judged by the elements defined by state law.[57] Nev. Rev. Stat. § 202.360(1)(a) provided that "[a] person shall not own or have in his possession or under his custody or control any firearm if he . . . [h]as been convicted of a felony." During the trial, the parties stipulated that Mosby was an ex-felon.[58] Thus, Mosby's challenge to the sufficiency of the evidence focuses on the other element required to support a conviction of possession of a firearm by an ex-felon: possession.

The Nevada Supreme Court has explained the doctrine of constructive possession under Nevada law this way:

> [T]o establish that the accused may be tried for unlawful possession it is incumbent on the prosecution to offer proof that she exercised dominion and control over the contraband. . . . Possession may be actual or constructive. The accused has constructive possession only if she maintains control or a right to control the contraband. For instance, possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to her dominion and control. Even if the accused does not have exclusive control of the hiding place possession may be imputed if she has not abandoned the narcotic and no other person has obtained possession. The accused is also deemed to have the same possession as any person actually possessing the narcotic pursuant to her direction or permission where she retains the right to exercise dominion or control over the property.[59]

---

[57] *Jackson*, 443 U.S. at 324 n.16.

[58] ECF No. 22-8 at 5, 160.

[59] *Glispey v. Sheriff*, 510 P.2d 623, 624 (Nev. 1973) (internal citation omitted); *see also Palmer v. State*, 920 P.2d 112, 115 (Nev. 1996) (explaining that Black's Law Dictionary provides that "[a] person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion and control over a thing, either directly or through another person or persons, is then in constructive possession of it").

9

And here, a rational factfinder viewing the evidence in the light most favorable to the prosecution could have found, beyond a reasonable doubt, that Mosby had retained the right to exercise dominion and control over the firearm.

The jury was presented with undisputed evidence that after he was arrested on a different charge, Mosby asked his significant other, Spatharos, to remove a firearm from his vehicle. Mosby specifically described on a recorded call where the firearm was located within the vehicle. The firearm was later recovered by law enforcement in a storage unit after Spatharos told law enforcement where she had placed it. That storage unit was rented by Mosby. When Spatharos told Mosby that the firearm had been recovered by law enforcement, Mosby stated that he had wiped the firearm down, meaning that his fingerprints would not be found on it. As the Nevada Supreme Court reasonably concluded, this evidence demonstrated that Mosby exercised constructive possession over the firearm. Indeed, the facts that Mosby directed Spatharos to retrieve the firearm and admitted to having wiped the firearm clean of fingerprints show that he exercised dominion and control over the firearm.[60]

Because Mosby had constructive possession of the firearm and there is no dispute that he is an ex-felon, the Nevada Supreme Court reasonably concluded that there was sufficient evidence supporting Mosby's conviction for being an ex-felon in possession of a firearm.[61] Mosby is not entitled to federal habeas relief.[62]

---

[60] *Glispey*, 89 Nev. at 223-24, 510 P.2d at 624.

[61] *In re Winship*, 397 U.S. at 364; *see also* Nev. Rev. Stat. § 202.360(1)(a).

[62] Mosby requests an evidentiary hearing where he "can offer proof concerning the allegation in [his] Petition." ECF No. 21 at 1; ECF No. 37 at 11. Mosby fails to explain what evidence would be presented at such an evidentiary hearing. Additionally, I have already determined that Mosby is not entitled to relief, and neither further factual development nor any evidence that may be proffered at an evidentiary hearing would affect my reasons for denying Mosby's remaining ground for relief. Accordingly, I deny Mosby's request for an evidentiary hearing.

## C. Certificate of Appealability

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability, so I *sua sponte* consider whether Mosby is entitled to one here. To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right."[63] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[64] Because I have rejected petitioner's constitutional claims on their merits, and he has not shown that this assessment of his claims is debatable or wrong, I find that a certificate of appealability is unwarranted in this case.

## Conclusion

IT IS HEREBY ORDERED that the Second Amended Petition for Writ of Habeas Corpus by a Person in State Custody Under 28 U.S.C. § 2254 **[ECF No. 21] is DENIED**, and Petitioner is **denied a certificate of appealability**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to SUBSTITUTE Isidro Baca for Renee Baker as the respondent warden on the docket for his case under Federal Rule of Civil Procedure 25(d), ENTER JUDGMENT accordingly, and CLOSE THIS CASE.

Dated: January 15, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[63] 28 U.S.C. § 2253(c).

[64] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).